IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CANDY MCCLAIN                                                                                         PLAINTIFF

vs.                                          Civil No. 6:17-cv-06102

NANCY A. BERRYHILL                                                                                    DEFENDANT
Acting Commissioner, Social Security Administration


**<u>MEMORANDUM OPINION</u>**

Candy McClain ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    <u>Background:</u>**

Plaintiff protectively filed her DIB application on December 5, 2014. (Tr. 12). In this application, Plaintiff alleges being disabled due to stroke, heart attack, fibromyalgia, gastroparesis, and reflux. (Tr. 186). At the administrative hearing, Plaintiff also alleged being disabled due to shoulder problems, and Plaintiff has had injections in her shoulders. (Tr. 34). Plaintiff alleged an onset date of October 28, 2014. (Tr. 12). This application was denied initially and again upon

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

reconsideration. (Tr. 65-76).

After Plaintiff's application was denied, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 30-64). This hearing was held on June 2, 2006 in Little Rock, Arkansas. *Id.* At this hearing, Plaintiff was present an was represented by counsel. *Id.* Plaintiff and Vocational Expert ("VE") Stephanie Ford testified at this hearing. *Id.*

On September 28, 2016, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 12-25). The ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2019. (Tr. 14, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 28, 2014, her alleged onset date. (Tr. 14, Finding 2). The ALJ determined Plaintiff had the following severe impairments: ischemic heart disease, cerebral vascular accident, fibromyalgia, migraines, and adjustment disorder with depressed mood. (Tr. 14-15, Finding 3).

The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15-17, Finding 4). The ALJ determined Plaintiff was fifty-two (52) years old, which is defined as an "individual closely approaching advanced age" pursuant to 20 C.F.R. § 404.1563(c) (2008) on her disability alleged onset date. (Tr. 23, Finding 7). As for her education, the ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 24, Finding 8).

The ALJ then evaluated Plaintiff's subjective complaints and assessed her Residual Functional Capacity ("RFC"). (Tr. 17-23, Finding 5). After assessing her subjective complaints, the ALJ determined her allegations were not entirely credible and found she retained the following

2

RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with the following additional limitations. She can occasionally reach in all directions, including overhead, with the left upper extremity; she can never climb ladders, ropes, or scaffolds; and, she can occasionally stoop and crouch. Mentally, she is limited to simple, routine, and repetitive tasks and simple, work-related decisions. She is limited to simple, direct, and concrete supervision as well as incidental interpersonal contact with coworkers and the public.

*Id*. The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 23, Finding 6). Considering her RFC, the ALJ determined Plaintiff could not perform any of her PRW. *Id.*

The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 24, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following occupation: furniture rental clerk (light, unskilled work) with 51,000 such jobs in the nation. (Tr. 24). Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from October 28, 2014 through the date of this decision or through September 28, 2016. (Tr. 25, Finding 11).

Thereafter, Plaintiff requested the review of the Appeals Council. On August 25, 2017, the Appeals Council denied this request for review. (Tr. 1-3). On September 29, 2017, Plaintiff filed her Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 2, 2017. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 13, 15. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 13. Specifically, Plaintiff raises the following three issues in her appeal brief: (1) the ALJ erred in considering her left shoulder impairment; (2) the ALJ erred in considering her pain; and (3) the ALJ erred in his Step Five determination. ECF No. 13 at 1-10. Because the Court finds the ALJ erred by finding her shoulder impairment was non-severe, this case must be reversed and remanded, and the Court will only address this issue.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987)

5

(O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In this case, Plaintiff alleged being disabled due to a left shoulder impairment. (Tr. 34). Plaintiff's medical records demonstrate she has suffered from left shoulder pain for two years. (Tr. 992). Plaintiff had an MRI taken of her left shoulder without contrast. (Tr. 997). Plaintiff was found to have a "full-thickness tear" of left rotator cuff. *Id.*

However, despite these findings, the ALJ entirely ignored Plaintiff's left shoulder impairment when he evaluated her severe impairments. (Tr. 14-15, Finding 3). As recognized above, the standard for determining whether an impairment is severe is a low standard. Based upon this report, Plaintiff has presented sufficient evidence demonstrating her impairment meets that standard. Thus, this case must be reversed and remanded for further consideration of this issue.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure

52 and 58.

**ENTERED this 1st day of November 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE